## No. 23-2155; 23-2156

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

**United States of America**

Plaintiff-Appellant,

**v.**

**Thomas Crosby**

Defendant-Appellee.

## Defendant-Appellee's Answer Brief-No Attachments

On Appeal from the United States District Court
For the District of New Mexico
The Honorable David Herrera Urias, presiding.
District Court Nos. 1:22-CR-864-DHU & 1:20-CR-1766-DHU

ORAL ARGUMENT IS REQUESTED

Amanda Skinner
Attorney for Appellant
Federal Public Defender
District of New Mexico
506 S. Main Street, Suite 400
Las Cruces, N.M. 88001
575.527.6930
amanda_skinner@fd.org

**February 20, 2024**

i

# <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

TABLE OF CASES AND OTHER AUTHORITIES............................iv

PRIOR OR RELATED APPEALS.......................................................v

SUMMARY OF THE ARGUMENT....................................................1

STATEMENT OF THE CASE AND FACTS.......................................1

ARGUMENT......................................................................................5

I.   <u>The Government Waived Their Claims of Procedural Error</u>.....5

II.   <u>The Sentence Imposed Was Not Substantively Unreasonable</u>.11

    a.  The sentence imposed reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense as required by 18 U.S.C. § 3553(a)(2)(A)......13

    b.  The sentence imposed reflects the need to afford adequate deterrence to criminal conduct as required by 18 U.S.C. § 3553(a)(2)(B).................................................................16

    c.  The sentence imposed reflects the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct as required by 18 U.S.C. § 3553(a)(6)..................17

    d.  The sentence imposed reflects the need to provide restitution to any victims of the offense as required by 18 U.S.C. § 3553(a)(7)................................................................18

III.  <u><i>United States v. Cookson</i> Does Not Preclude A Probationary Sentence For Mr. Crosby</u>...................................................19

CONCLUSION AND STATEMENT CONCERNING ORAL ARGUMENT..................................................................20

TYPE-VOLUME CERTIFICATION.............................................…..……….22

CERTIFICATE OF SERVICE AND DIGITAL SUBMISSION...........23

## TABLE OF CASES AND OTHER AUTHORITIES

## TABLE OF CASES

**PAGE**

*Gall v. United States*, 552 U.S. 38 (2007)………………13, 14, 17, 18, 21

*Kelly v. Robinson*, 479 U.S. 36 (1986)……………………………………16

*United States v. Anthony*, 25 F.4th 792 (10th Cir. 2022)………………14

*United States v. Barnes*, 890 F.3d 910 (10th Cir. 2018)…..…..1, 11, 12, 21

*United States v. Blair*, 933 F.3d 1271 (10th Cir. 2019)…………………13

*United States v. Cookson*, 922 F.3d 1079 (10th Cir. 2019)…….1, 6, 19, 20

*United States v. DeRusse*, 859 F.3d 1232 (10th Cir. 2017)…………..9, 12

*United States v. Leffler*, 942 F.3d 1192 (10th Cir. 2019)……………..7, 10

*United States v. Martinez*, 610 F.3d 1216 F(10th Cir. 2010)……………8

*United States v. McComb*, 519 F.3d 1049 (10th Cir. 2007)…………..9, 10

*United States v. Mendoza*, 543 F.3d 1186 (10th Cir. 2008)………………7

*United States v. Sample*, 901 F.3d 1196 (10th Cir. 2018)………………19

*United States v. Smart*, 518 F.3d 800 (10th Cir. 2008)…………………18

*United States v. Walker*, 844 F.3d 1253 (10th Cir. 2017)……………15, 16

## TABLE OF AUTHORITIES

**PAGE**

18 U.S.C. § 3553(a)………………………………………………………3, 6, 8, 12

18 U.S.C. § 3553(a)(1)……………………………………………………...2, 4, 20

18 U.S.C. § 3553(a)(1)-(7)………………………………………………..…1, 21

18 U.S.C. § 3553(a)(2)……………………………………………………....4, 5

18 U.S.C. § 3553(a)(2)(A)………………………………………….....12, 13, 15

18 U.S.C. § 3553(a)(2)(B)……………………………………………..….12, 16

18 U.S.C. § 3553(a)(2)(C)……………………………………………….…10

18 U.S.C. § 3553(a)(3)……………………………………………….………5

18 U.S.C. § 3553(a)(6)……………………………………………….…..5, 12

18 U.S.C. § 3553(a)(7)…………………………………………...……5, 16, 18

Black's Law Dictionary (11th ed. 2019)………………………………….20

## PRIOR OR RELATED APPEALS

There are no prior or related appeals.

## SUMMARY OF THE ARGUMENT

The Government's claims of procedural error are waived because the Government failed to object at the district court.

The Government's argument the sentence imposed is substantively unreasonable is refuted by the record and controlling caselaw. The record demonstrates the district court properly considered and weighed the relevant sentencing factors under 18 U.S.C. 3553(a)(1)-(7) in a "holistic fashion." *See United States v. Barnes*, 890 F.3d 910, 916 (10th Cir. 2018)("[w]e look to the record to determine whether the district court satisfactorily engaged and examined the factors in a holistic fashion") This Court should affirm the sentence imposed, even if it "might reasonably have concluded a different sentence was appropriate" as this is insufficient to justify reversal of the district court. *United States v. Cookson*, 922 F.3d 1079, 1091 (10th Cir. 2019).

## STATEMENT OF THE CASE AND FACTS

Mr. Crosby pled guilty in both cases subject to this appeal in September 2022. 1Appx.8.[1] United States Probation ("probation") prepared a presentence report ("PSR") identifying Mr. Crosby's criminal

---

[1] Citations to the appendix take the form of [vol.]Appx.[page]. Citations to the Government's Brief take the form of Gov.Br.[page].

history category as I, the offense level as 28, and the guideline range as 78-97 months. 2Appx.24. Probation ultimately concluded a sentence within the advisory guideline "may be warranted" in Mr. Crosby's case. *Id*. But the PSR also stated the nature and circumstances of the offense, history, and characteristics of the defendant "may warrant a sentence outside of the advisory guideline system." *Id*. at 23.

Both parties filed sentencing memorandums ahead of sentencing. 1Appx.9. The Government filed an eight-page memorandum in support of its requested sentence of 78 months, thoroughly briefing only 18 U.S.C. § 3553(a)(1): the nature and circumstances of the offense and the history and characteristics of the defendant. 1Appx.38-40. The Government emphasized their view that the seriousness of the offense of conviction and Mr. Crosby's admission he continued to view child pornography after his discharge from the United States Air Force warranted a sentence of 78 months in prison, restitution as agreed under the plea agreement, and a 15-year term of supervised release. *Id*. at 38-41.

Mr. Crosby filed a 42-page sentencing memorandum, fully briefing every relevant sentencing consideration under 18 U.S.C. § 3553(a).

2Appx.30-72. Mr. Crosby's memorandum also included a 14-page-expert report prepared by General and Forensic Psychiatrist, Dr. Michelle Joy. *Id.* at 73-87. Dr. Joy's report summarized her in-person evaluation of Mr. Crosby, the assessments she administered to reach her opinions, and her interview with Mr. Crosby's mother. *Id.* Dr. Joy also relied on case records supplied by Mr. Crosby's trial counsel, professional literature she cited in the report, and her own professional experience to conclude Mr. Crosby's behaviors involved in the offenses were underpinned by his previously undiagnosed autism spectrum disorder ("ASD"). *Id.* at 73, 82.

The parties appeared for sentencing and the district court indicated it believed a sentence of time served was not warranted. 1Appx.56. The district court asked numerous questions, mainly of Mr. Crosby's counsel, regarding the briefing, Dr. Joy's report, and how the evidence in the record informed the analysis of the appropriate sentence. *Id.* at 50-51, 54-57, 62-64, 67, 71, 74, and 78-79.

Immediately after hearing allocution from Mr. Crosby, the district court stated it would reset the sentencing hearing to allow more time to "look at some of the reports, the commission reports, or the

recommendations. It seems like there's a lot of argument here for both sides, which makes sense to me, and I want to get this right." 1Appx.81.

The sentencing hearing was reset two months later. *Id*. at 85. The Government never objected to Dr. Joy's report, or the information cited in Mr. Crosby's sentencing memorandum. *Id*. at 10. At the final sentencing hearing, the district court stated it reviewed the PSR, the parties' sentencing memorandums, and recalled the "extensive" and "compelling" argument from both sides at the first sentencing hearing, noting the parties argued "important issues relevant to this matter and the appropriate sentence in this case." *Id*. at 87-88.

At the final sentencing hearing, the district court determined the following sentencing factors warranted a sentence below the guideline range:

> the nature and circumstances of the offense, and the history and characteristics of the [Mr. Crosby] pursuant to 18 U.S.C. 3553(a)(1); the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense, pursuant to 3553(a)(2); to afford adequate deterrence to criminal conduct, to protect the public from further crimes of [Mr. Crosby], and to provide [Mr. Crosby] with needed educational or vocational training, medical care or other correctional treatment in the most effective manner, pursuant to 3553(a)(2)[2]; the kinds of sentences available pursuant to 3553(a)(3);

---

[2] The Government's brief does not acknowledge the district court's analysis and consideration of 18 U.S.C. § 3553(a)(2)(D) and (3).

the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, pursuant to 3553(a)(6); and the need to provide restitution to any victims of the offense, pursuant to 3553(a)(7).

*Id.* at 89.

The district court imposed a sentence of five days, a special penalty assessment of $200, restitution as contemplated by the plea agreement, and a 15-year term of supervised release with mandatory, standard, and special conditions of supervision. *Id.* at 104-110. At the close of the hearing, the district court asked if there were any "legal objections to the sentence as I have just imposed it." *Id.* at 99. Neither party objected and the hearing was concluded. *Id.* The Government sought a 30-day extension of the appeal deadline to contemplate an appeal. *Id.* at 11. The Government appealed, raising one issue for review: whether the sentence imposed was substantively reasonable. *Id.* at 11, Gov.Br.2.

## **ARGUMENT**

## I.    **The Government Waived Its Claims of Procedural Error.**

The Government frames its arguments as solely addressing whether the sentence was substantively reasonable. *See* Gov. Br. at2. Though the distinction between procedural and substantive

5

unreasonableness can be "murky," the Government's specific claims

that the district court failed to consider its arguments are procedural in

nature. *See Cookson* 922 F.3d at 1091 (noting the distinction turns

"murky" when considering that the district court's explanation for the

sentence imposed serves a "dual purpose")

The Government argues the district court's analysis of the nature

and circumstances of the offense and Mr. Crosby's history and

characteristics "ignores that . . . [Mr.] Crosby engaged in criminal

activity for the last decade" and that his offense was "aggravating." Gov.

Br. at 23, 25. This argument is a procedural challenge. "Procedural

reasonableness addressees whether the district court . . . . failed to

consider the § 3553(a) factors, relied on clearly erroneous facts, or failed

to adequately explain the sentence." *United States v. Huckins*, 529 F.3d

1312, 1317 (10th Cir. 2008).

At the final sentencing hearing, the Government was invited to

object to the sentence imposed, with the district court specifically

asking "[a]re there any legal objections to the sentence as I have just

imposed it? [Counsel for the Government]?" 1Appx. 99. The Government

replied, "[n]ot at this time, Your Honor." *Id*. "A party must specifically

6

object to the district court's procedure in order to preserve that issue for review." *United States v. Mendoza*, 543 F.3d 1186 (10th Cir. 2008). A party who presents an unpreserved claim on appeal without identifying it as such and arguing that the plain-error standard is met, typically waives the issue. *United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019). These procedural challenges are therefore waived.

Even if the Government properly preserved its argument that the district court "ignored" evidence Mr. Crosby had viewed child pornography over a period of years and the Government considered the specific facts of his offense aggravating, the record reflects the district court *did* consider the Government's arguments and did not abuse its discretion in the analysis of this factor.

The district court reviewed the parties' written filings and heard extensive arguments regarding the Government's position on how to view the timing and facts of the case. 1Appx.69-72. The district court considered these arguments as demonstrated by the pointed questions to Mr. Crosby's counsel on the subject during the first sentencing hearing. *See* 1Appx.74.

The fact the district court ultimately resolved the parties'
disagreement over how to view these facts in favor or Dr. Joy and Mr.
Crosby's position does not establish an abuse of discretion. As the
Supreme Court has recognized the "sentencing judge is in a superior
position to find facts and judge their import under § 3553(a) in the
individual case." *Gall v. United States*, 552 U.S. 38, 51 (2007).

While the Government does not agree with the weight the district
court assigned Mr. Crosby's previously undiagnosed ASD, the district
court properly evaluated the role this played in the offense. *See United
States v. Martinez*, 610 F.3d 1216, 1229 (10th Cir. 2010) ("[t]he weight a
district court assigns to each of the § 3553(a) factors, and the balance it
ultimately assesses among them, is not subject to our de novo review").

At sentencing, the district court specifically found, based on Dr.
Joy's professional opinion and

> the scientific studies relied on by Dr. Joy, the Court finds that [Mr.
> Crosby] has long suffered from untreated autism as well as having
> depression. As opined by Dr. Joy, to a reasonable degree of medical
> certainty, Mr. Crosby's current crime is related to his diagnosis, his
> social deficits, and his restricted interests.

1Appx.90.

8

The district court's analysis in Mr. Crosby's case is similar to the analysis upheld in *United States v. DeRusse*, 859 F.3d 1232 (10th Cir. 2017), where the district court varied to a sentence of 70 days in a kidnapping case with a guideline range of 108-135 months based on the defendant's serious mental illness. The record revealed the defendant was suffering from then-undiagnosed mental health issues when he kidnapped his ex-girlfriend with a BB gun and drove her hundreds of miles from her parents' home. *Id*. at 1234.

In response to the Government's argument that the district court gave improper weight to the defendant's serious mental illness, this Court agreed with the district court's assessment that the Government was brushing over the fact that Mr. DeRusse was seriously mentally ill. *Id*. This Court found no error in the district court's evaluation of the role the mental illness played in the offense and the decision to give "substantial weight to this factor in its determination of an appropriate sentence." *Id*. at 1239.

In upholding the sentence, this Court quoted *United States v. McComb*, 519 F.3d 1049 (10th Cir. 2007), stating "[i]n many cases there will be a range of possible outcomes the facts and law at issue can fairly

9

support; rather than pick and choose among them ourselves, we will

defer to the district court's judgement so long as it falls within the

realm of these rationally available choices." *Id*. at 1237. And this Court,

again quoting *McComb*, further recognized sentencing calls on the

"district court's unique familiarity with the facts and circumstances of a

case and its judgment in balancing a host of incommensurate and

disparate considerations, ranging from the degree of the defendant's

cooperation and remorse to the need for deterring potential future

offenders." *Id*. at 1237.

The Government also argues the district court ignored Mr.

Crosby's "real-time recidivism" when analyzing the need to protect the

public under 18 U.S.C. § 3553(a)(2)(C). Gov.Br.33-34. To the extent this

is a procedural challenge, the argument is waived. *See Leffler*, 942 F.3d

at 1196. If not waived, this argument was considered and implicitly

rejected by the district court in adopting Dr. Joy's analysis of how Mr.

Crosby's ASD impacted his offense conduct.

The district court found that "[i]ndividuals who commit child

pornography offenses are lower risk for recidivism than other sex

offenders. Autistic individuals, like [Mr. Crosby] are likely to follow

10

rules when set in place." 1Appx.90. This finding is supported by Dr.

Joy's unchallenged report and unchallenged information included in

Mr. Crosby's sentencing memo. 2Appx.37, 85. And the district court also

imposed a special condition of location monitoring for five years, which

serves to protect the public through additional monitoring of Mr.

Crosby. 1Appx.107. Even if this Court determines the district court did

not rely on this factor in fashioning the sentence imposed, reversal is

still not required. *See United States v. Barnes*, 890 F.3d 910, 916 (10th

Cir. 2018)(explaining the district court "need not rely on every single

factor").

   In short, the Government identifies no procedural problem with

the sentence imposed.

## II.  **<u>The Sentence Imposed Was Not Substantively Unreasonable.</u>**

   The substantive reasonableness of the sentence imposed is

reviewed under a deferential abuse-of-discretion standard, and this

Court will reverse only if the sentence imposed was "arbitrary,

capricious, whimsical, or manifestly unreasonable." *United States v.*

*Gantt*, 679 F.3d 1240, 1249 (10th Cir. 2012). A "downward variance is

based simply on the district court's discretionary authority to consider

11

'the nature and circumstances of the offense'" and select "'a sentence sufficient, but not greater than necessary,' to comply with all of the purposes of sentencing." *See DeRusse*, 859 F.3d at 1237 (quoting 18 U.S.C. § 3553(a)). When reviewing a downward variance, "even more solicitude to the sentencing court is appropriate." *Barnes*, 890 F.3d at 916.

The Government argues the time-served sentence imposed does not adequately reflect the seriousness of the offense, promote respect for the law, or provide just punishment as required by 18 U.S.C. § 3553(a)(2)(A). Gov.Br.28. The Government repeats the same argument with respect to the need for the sentence imposed to address deterrence and avoid unwarranted sentencing disparities as required by 18 U.S.C. § 3553(a)(2)(B) and (6). Gov.Br.32, 36. The Government also complains the restitution imposed is not enough to justify the variance because the jail time imposed was not enough. Gov.Br.40.

This Court does not "reweigh the sentencing factors but instead ask[s] whether the sentence fell within the range of rationally available choices that facts and that law at issue can fairly support." *United States v. Blair*, 933 F.3d 1271, 1274 (10th Cir. 2019) (internal quotation

12

marks omitted). As discussed below, the district court's careful analysis of these factors provides "significant justification" for the sentence imposed. *See Gall* 552 U.S. at 50 ("[w]e find it uncontroversial that a major departure should be supported by a more significant justification than a minor one").

### a. The sentence imposed reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense as required by 18 U.S.C. § 3553(a)(2)(A).

The district court clearly based the variance imposed, in part, on a policy disagreement with the guidelines. 1Appx.91. At sentencing, the district court found Mr. Crosby's guideline range was dramatically increased 13 offense levels by the enhancements applied, which capture conduct that is part of the "vast majority" of these types of cases. *Id*. The district court referenced a 2021 Sentencing Commission Report which found "these enhancements were initially intended to target more serious and more culpable offenders." *Id*.

The Government argues that "[i]n the end, all that is left to meet the need for the sentence to reflect the seriousness of the offense, promote respect for the law, or provide just punishment . . . is a five-day stint in pre-trial detention." But the Government ignores that

13

"restitution also serves punitive purposes." *United States v. Anthony*, 25 F.4th 792, 798 (10th Cir. 2022). Like "the other portions of a sentence, restitution is intended to some degree to inflict criminal punishment and serve as a deterrent, and the Supreme Court's treatment of restitution as a method of imposing criminal punishment . . . supports [a] conclusion that restitution is a component of the criminal sentence." *Id.*

The Government urges this Court not to consider the supervised release term as part of this analysis because the district court did not explicitly state the term was imposed for a retributive purpose. Gov.Br.31. That supervised release is not necessarily a sentence of leniency and involves a "substantial restriction of freedom" is well understood. *See Gall*, 552 U.S. at 48.

> "Offenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty . . . . [They] may not leave the judicial district, move, or change jobs without notifying, and in some cases receiving permission from, their probation officer or the court. They must report regularly to their probation officer, permit unannounced visits to their homes, refrain from associating with any person convicted of a felony and refrain from excessive drinking."

*Id.* at 595-96.

14

The Government cites *United States v. Walker*, 844 F.3d 1253 (10th Cir. 2017) to support its contention that one aspect of the sentence, the incarceration time imposed, does not reflect the harm done and the gravity of Mr. Crosby's conduct, therefore the entire sentence is substantively unreasonable. Gov.Br.28. Setting aside that restitution and the imposition of the Government's requested term of supervised release also satisfy the punitive purpose of 18 U.S.C. 3553(a)(2)(A), *Walker* is distinguishable from Mr. Crosby's case.

In *Walker*, this Court concluded that 33 days in pretrial detention constituted an unreasonably short sentence considering Mr. Walker's conduct, criminal history, and guideline range of 155-188 months. *Id*. at 1258. "For admittedly robbing two banks as an armed career offender, Mr. Walker would avoid any punishment and the sentence would give little or no weight to the congressional values of punishment, general deterrence, incapacitation, respect for the law, and avoidance of unwarranted sentence disparities." *Id*. at 1259.

Unlike Mr. Walker, Mr. Crosby's sentencing judge did not focus solely on one factor. *See Id*. at 1259 ("[i]n balancing these factors, the district court focused almost exclusively on Mr. Walker's newfound

sobriety"). And unlike Mr. Walker, Mr. Crosby has no criminal history, had no in-person contact with a victim, did not receive a variance of 154 months off the low-end of his sentence, and was ordered to pay restitution. *See Id*. at 1259 (explaining that, while the need for restitution is a required consideration under 18 U.S.C. § 3553(a)(2)(7), Mr. Walker's appeal "does not involve a judgment for restitution"). Nothing about the analysis in *Walker* invalidates the district court's careful consideration of Mr. Crosby's sentence.

### b. The sentence imposed reflects the need to afford adequate deterrence to criminal conduct as required by 18 U.S.C. § 3553(a)(2)(B).

The Government argues the "district court erred by concluding that the five-day sentence promoted general deterrence." Gov.Br.32. But the incarceration time was not the only aspect of Mr. Crosby's sentence that addressed deterrence. The restitution ordered addresses the need for general deterrence. *See Kelly v. Robinson*, 479 U.S. 36 (1986) ("the direct relation between the harm and the punishment gives restitution a more precise deterrent effect than a traditional fine").

The district court also specifically ordered location monitoring to "provide [Mr. Crosby] with additional structure to deter any potential

criminal conduct." 1Appx.92. This is a clear example of specific

deterrence.

**c. The sentence imposed reflects the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct as required by 18 U.S.C. § 3553(a)(6).**

Mr. Crosby specifically briefed this factor in his sentencing

memorandum, providing ample support for the district court's

conclusion the sentence imposed would avoid, not create, an

unwarranted sentencing disparity. 2Appx.71-72.  And the Supreme

Court has previously upheld a sentence of time served as avoiding an

unwarranted sentencing disparity. *See Gall*, 552 U.S. at 55 (in imposing

a sentence of probation, district court appropriately "avoid[ed]

unwarranted similarities").

The Government nevertheless urges reversal and argues there is

nothing exceptional about Mr. Crosby's circumstances because "most

[defendants] have psychological issues that underlie their socially

aberrant behavior." Gov.Br.37. ASD, however, is not a "psychological

issue." ASD "is a heritable lifetime developmental, neurological disorder

recognized since the 1860s. This illness affects the brain and starts very

early in life[.]" 2Appx.82. And the Supreme Court explicitly rejected "an

17

appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the guideline range." *Gall*, 552 U.S. at 47. In fashioning the sentence, the district court relied on Dr. Joy's unchallenged opinion which specifically connects Mr. Crosby's previously-undiagnosed ASD to his offense. 2Appx.82-85.

And Mr. Crosby's personal circumstances are extremely unique. Mr. Crosby served in the United States Air Force from March 2013-June 2019. 2Appx.17. He served two tours in Afghanistan. *Id.* at 18. Mr. Crosby is also in criminal history category I, is a high school graduate, and employed over full-time at 44 hours per week. *Id.* at 12, 156.

The district court's finding that the sentence imposed addresses the need to avoid unwarranted sentencing disparities should be undisturbed on this record. *See United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008) (explaining this Court defers "not only to a district court's factual findings but also to its determinations of the weight to be afforded to such findings").

**d. The sentence imposed reflects the need to provide restitution to any victims of the offense as required by 18 U.S.C. § 3553(a)(7).**

The Government acknowledges the district court's finding that Mr. Crosby needed to be employed to pay restitution "is, of course, true." 1Appx.92; Gov.Br.39. The Government argues in its view the incarceration time imposed was too little, so the restitution cannot justify the downward variance. Gov.Br.40. While the Government cites *United States v. Sample* to support this argument, Mr. Crosby's case is distinguishable as the district court in Mr. Crosby's case did not allow restitution alone to "override all other sentencing considerations." 901 F.3d 1196, 1200 (2018). Instead, restitution was one factor, and not the only factor, the district court considered to support the sentence imposed for Mr. Crosby.

### III.  *United States v. Cookson* Does Not Preclude A Probationary Sentence For Mr. Crosby.

The Government argues this Court's opinion in *Cookson* supports its contention that "[n]o explanation could justify a sentence so low for an unexceptional recidivist offender like [Mr.] Crosby." Gov.Br.42. As a preliminary matter, Mr. Crosby is not a "recidivist offender," though Mr. Cookson was. 2Appx.12; *Cookson* 922 F.3d at 1085 ("[t]he PSR . . . listed Mr. Cookson's adult criminal convictions, which resulted in a criminal history score of six and placed him in a criminal history

19

category of III."). And Black's Law Dictionary defines a recidivist as "[s]omeone who has been **convicted** of multiple criminal offenses[.]" Black's Law Dictionary (11th ed. 2019) (emphasis added).

The Government's categorization of Mr. Crosby as a recidivist was addressed by both parties in their sentencing memorandums and at sentencing, considered and analyzed by Dr. Joy in her report, and clearly contemplated and later implicitly rejected by the district court. 1Appx.69-70, 72-73, 77-79; 2Appx.33-34, and 37.

Notably, Mr. Cookson's guideline range was higher than Mr. Crosby's, and this Court *still* did "not foreclose the possibility that a more detailed explanation from the district court of the weight it afforded the 18 U.S.C. § 3553(a) factors other than 18 U.S.C. § 3553(a)(1) could yield a similar, but substantially reasonable, sentence on remand." *Cookson* 922 F.3d at 1096.

## CONCLUSION AND STATEMENT CONCERNING ORAL ARGUMENT

The Government fails to identify any reversible error made by the district court at sentencing. Rather, the Government simply disagrees with the way in which the district court weighed the sentencing factors in this case, which cannot amount to abuse of discretion on the part of

the district court. The district court properly provided "significant justification" for the degree of variance imposed through careful analysis of information in the record and careful consideration of the arguments presented by both the Government and Mr. Crosby. *See Gall* 552 U.S. at 50. This holistic analysis is exactly the approach a sentencing judge is required to take in determining a sentence. *See Barnes*, 890 F.3d at 916.

On this record, this Court should affirm the sentence imposed by the district court. The sentence imposed was legally available and, as supported by the district court's significant analysis, "sufficient but not greater than necessary" to achieve the goals of sentencing. *See* 18 U.S.C. § 3553(a)(1)-(7). Oral argument is requested to address any questions remaining after the briefs.

> Respectfully submitted,
>
> *s/ Amanda Skinner*
> Amanda Skinner
> Attorney for Appellant
> Federal Public Defender
> District of New Mexico
> 506 S. Main Streeet, Suite 400
> Las Cruces, N.M. 88001
> 575.527.6930
> amanda_skinner@fd.org

## **CERTIFICATE OF COMPLAINCE WITH RULE 32(A)**

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B), I certify that this document complies with Federal Rule of Appellate Procedure 32(a)(7)(B)(ii). It is printed in Century Schoolbook, a proportionately spaced font, and includes 4014 words, excluding items enumerated in Rule 32(f). I relied on my word processor to obtain the word count.

*/s/ Amanda Skinner*
Amanda Skinner
Assistant Federal Public Defender

## **CERTIFICATE OF SERVICE AND DIGITAL SUBMISSION**

I HEREBY CERTIFY that the foregoing brief was filed with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system on December 20, 2023, and that seven photocopies of the foregoing brief will be sent by Federal Express to the United States Court of Appeals for the Tenth Circuit, Office of the Clerk, located at the Byron White United States Courthouse, 1823 Stout Street, Denver, Colorado, 80257, following notification that the electronic brief is compliant.

I ALSO CERTIFY that Tiffany L. Walters, attorney for Appellant, is a registered CM/ECF user, and that service will be accomplished by the appellate CM/ECF system.

*/s/ Amanda Skinner*
Amanda Skinner
Assistant Federal Public Defender