**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellant, | |
| v. | Nos. 23-2155 & 23-2156 |
| THOMAS CROSBY, | |
| Defendant - Appellee. | |

_____

**Appeals from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 1:22-CR-00864-DHU-1)**
**(D.C. No. 1:20-CR-01766-DHU-1)**

_____

Tiffany L. Walters, Assistant U.S. Attorney, Office of the United States Attorney (Alexander M.M. Uballez, United States Attorney, with her on the briefs), Albuquerque, New Mexico, for Plaintiff – Appellant.

Amanda Skinner, Assistant Federal Public Defender, Office of the Federal Public Defender, Las Cruces, New Mexico, for Defendant – Appellee.

_____

Before **HOLMES**, Chief Judge, **BALDOCK**, and **McHUGH**, Circuit Judges.

_____

**McHUGH**, Circuit Judge.

_____

Appellant United States of America challenges the substantive reasonableness

of Appellee Thomas Crosby's five-day, time-served sentence for possession of child

pornography. We agree the sentence was not substantively reasonable. Accordingly, we vacate the sentence and remand to the district court for resentencing.

## I.    BACKGROUND

### A.    Facts

In 2018, Mr. Crosby served in the Air Force on active duty stationed at Cannon Air Force Base in Clovis, New Mexico. In November 2018, federal agents executed a search warrant on his home and seized his electronic devices after investigating his IP address for possible engagement with child pornography. During the search, the agents interviewed Mr. Crosby, and he admitted to possession of child pornography and revealed that he began obtaining child pornography at the age of sixteen. A subsequent search of Mr. Crosby's electronic devices found over 4,000 files of minors, including prepubescent minors, engaged in sexually explicit conduct.

Mr. Crosby was administratively separated from the Air Force in June 2019, and shortly thereafter, he returned to his hometown of Irwin, Pennsylvania. In September 2020, Mr. Crosby was indicted in the District of New Mexico on one charge of possession of visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(5)(B), (b)(2), and 2256. Mr. Crosby was arrested in October 2020, in Pennsylvania, pursuant to an arrest warrant issued in the District of New Mexico, and he admitted to continuing to download child pornography in the time since the 2018 seizure. The FBI executed a search warrant on his home, seized his electronic devices, and after forensic examination, found "approximately forty-six images and 166 videos of minors engaged in sexually

explicit conduct," including "a video of a prepubescent child, approximately three years old." ROA Vol. I at 20. Following this arrest, Mr. Crosby was held in custody for five days before being released on pretrial conditions. In May 2022, a grand jury in the Western District of Pennsylvania indicted Mr. Crosby on one count of possession of visual depictions of prepubescent minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2), and 2256. Pursuant to Federal Rule of Criminal Procedure 20, jurisdiction over this case was transferred to the District of New Mexico, and the proceedings in the two cases were consolidated.

### B.    Guilty Plea and Sentencing Memoranda

Mr. Crosby entered a guilty plea as to both charges in September 2022. Probation prepared a presentence report ("PSR"), grouping together the two offenses. Mr. Crosby's total offense level was 28, which was calculated as follows. First, the PSR calculated a base offense level of 18. The PSR then added four enhancements for special offense characteristics: two points because "the material involved a prepubescent minor or a minor who had not attained the age of 12 years," pursuant to U.S. Sentencing Commission Guidelines § 2G2.2(b)(2); four points because "the offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler," pursuant to Guidelines § 2G2.2(b)(4); two points because "the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material or for accessing with intent to view the material," pursuant to Guidelines § 2G2.2(b)(6); and five points because "the offense

involved 600 or more images," pursuant to Guidelines § 2G2.2(b)(7)(D). ROA Vol. II at 11–12. The PSR also decreased the offense level by two points for acceptance of responsibility and by one point for Mr. Crosby's timely notification of his intention to enter a guilty plea. Mr. Crosby had a total criminal history score of 0, meaning he had a criminal history category of I. Accordingly, the PSR calculated Mr. Crosby's Guidelines range as 78–97 months.

In its sentencing memorandum, the Government requested a bottom-of-the-Guidelines sentence of 78 months. Mr. Crosby filed a more substantial sentencing memorandum, in which he argued that, considering his history and circumstances, a non-custodial sentence was warranted. Mr. Crosby first argued that "[t]he specific offense characteristics applied in this case do not accurately reflect the seriousness of this offense relative to the typical child pornography possession case," focusing on the "[t]wo-level enhancement for the age of victims," "[f]our-level enhancement for sadistic/masochistic images," "[f]ive-level enhancement for number of images," and "[t]wo-level enhancement for use of a computer." *Id.* at 38–41.

Next, Mr. Crosby argued that the district court "should vary on policy grounds because U.S.S.G. § 2G2.2 is not supported by empirical evidence about child pornography offenses or offenders." *Id.* at 41–58. On this point, Mr. Crosby discussed how the Guidelines range had increased over time and submitted evidence to dispute commonly held beliefs concerning child pornography offenders, such as that (1) child pornography possessors use child pornography to abuse children, (2) severe punishment for possession will impact the market and curb abuse of

children, and (3) severe sentences for possession deter would-be child abusers.

Mr. Crosby claimed that the 2004 Amendments to the Guidelines, which established

the Guidelines range he faced, were not based on empirical evidence or national

experience, and he argued that the original 1991 Guidelines range was more

appropriate. Finally, Mr. Crosby submitted a forensic psychiatric evaluation by

Dr. Michelle Joy concerning Mr. Crosby's recent autism spectrum disorder ("ASD")

diagnosis, the link between ASD and child pornography, Mr. Crosby's low risk of

recidivism, and how Mr. Crosby could benefit from treatment.

### C.    Sentencing Hearings

During the first of two sentencing hearings, the parties presented their

arguments and Mr. Crosby presented his allocution. As to Mr. Crosby's request for a

sentence of time served, the district court expressed concern over the variance

Mr. Crosby sought, especially given "the seriousness of the charges." ROA Vol. I

at 51. The district court further noted the Government had made the discretionary

choice to consolidate the two convictions and that without the consolidation, a

second conviction would have warranted a ten-year minimum sentence under 18

U.S.C. § 2252A(b)(2). After Mr. Crosby gave his allocution, the district court

continued the sentencing hearing to consider the arguments and materials presented

by the parties before announcing a sentence.

At the continued sentencing hearing, the district court accepted the plea

agreement and adopted the PSR's factual findings. *Id.* at 88. The district court then

explained that, after considering the reports and studies submitted by Mr. Crosby and

Dr. Joy's forensic evaluation, it determined "that a lengthy custodial sentence is not warranted in this matter." *Id.* at 88. After listing the 18 U.S.C. § 3553(a) factors, the district court made the following findings:

> [Mr. Crosby] has no adult criminal convictions or juvenile adjudications. There's no evidence or allegation that [Mr. Crosby] has ever molested children. The crime to which [Mr. Crosby] has pled guilty is serious and concerning, but the Court notes that [Mr. Crosby] was diagnosed with long-standing untreated autism spectrum disorder. Dr. Joy evaluated [Mr. Crosby] and presented several professional opinions regarding Mr. Crosby. Based on those opinions and the scientific studies relied on by Dr. Joy, the Court finds that [Mr. Crosby] has long suffered from untreated autism as well as having depression. As opined by Dr. Joy, to a reasonable degree of medical certainty, Mr. Crosby's current crime is related to his diagnosis, his social deficits, and his restricted interests. Individuals with autism are vulnerable to engaging in child pornography. Their lack of social skills can lead to limited sexual intimacy and friendships turning to pornography for sexual activity. Significantly, [Mr. Crosby] does not suffer from pedophilia. Individuals who commit child pornography offenses are [at a] lower risk for recidivism than other sex offenders. Autistic individuals, like [Mr. Crosby], are likely to follow rules when set in place. In sum, his amenability to treatment, possibility of benefiting from specialized treatment, low risk of recidivism, and high vulnerability in prison make him a good candidate for community-based treatment.

*Id.* at 89–90.

The district court went on to note that Mr. Crosby "has been on conditions of release since October 20, 2020, and during that time, he has participated in mental health treatment. He is currently employed full-time. According to the U.S. Probation Office, Mr. Crosby has also done well . . . with regards to compliance with his conditions of supervised pretrial release." *Id.* at 90–91. As to the enhancements that led to his high Guidelines range, the district court noted that "[t]hese enhancements [2G2.2(b)(2), (b)(4), (b)(6) and (b)(7)] capture conduct that is part of the vast

6

majority of child pornography possession offenses. The 2021 Sentencing Commission report finds these enhancements were initially intended to target more serious and more culpable offenders." *Id.* at 91. Turning to the risk of recidivism, the district court explained Mr. Crosby had "presented persuasive empirical research that indicates more severe sentences do not reduce recidivism . . . The overwhelming consensus is that treatment works; incarceration does not." *Id.* And as to restitution, the district court explained that "in order to have the ability to pay restitution to the victims, [Mr. Crosby] needs to be employed." *Id.* at 92.

The district court ultimately sentenced Mr. Crosby to "five days or time served, whichever is less," along with a fifteen-year term of supervised release. *Id.* at 92. The district court then pronounced an extensive series of special conditions,[1] in addition to the mandatory and standard conditions of supervised release. The court also ordered Mr. Crosby to pay each of the six identifiable victims $2,000 in restitution. Neither party raised legal objections to the sentence at that time.

---

[1] These special conditions include, *inter alia*, five years of GPS location monitoring; participation in an outpatient substance abuse treatment program; substance abuse testing; participation in a mental health treatment program; diligent use of all prescribed mental health medications; undergoing a sex-offense-specific assessment and participating in any subsequently recommended sex offender treatment; a prohibition on viewing or possessing material depicting sexually explicit content; a prohibition on unauthorized direct contact with minors; a restriction from engaging in occupations with direct access to children without prior approval; a prohibition from being within 100 feet of schoolyards, parks, playgrounds, arcades, or other places used primarily by children; a prohibition on volunteering in any activities involving supervision of children or adults with disabilities; and participation in the Probation Office's Computer Restriction and Monitoring Program.

However, the Government timely appealed, challenging the sentence's substantive reasonableness.

## II.     STANDARD OF REVIEW

"We review a district court's sentencing decision for substantive reasonableness under an abuse-of-discretion standard, looking at the totality of the circumstances." *United States v. Cookson*, 922 F.3d 1079, 1090 (10th Cir. 2019) (internal quotation marks omitted). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009) (quotation marks omitted). This standard applies "without regard to whether the district court imposes a sentence within or outside the advisory guidelines range." *Id.* As such, "we do not apply a presumption of unreasonableness to sentences outside the guidelines range." *Cookson*, 922 F.3d at 1090. "Instead, we give due deference to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance." *Id.* at 1090–91 (internal quotation marks omitted). "That we might reasonably have concluded a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.* at 1091 (quotation marks omitted).

In conducting this review, we recognize that the district court "is in a superior position to find facts and judge their import under § 3553(a) in the individual case." *Gall v. United States*, 552 U.S. 38, 51 (2007). "The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." *United States v. Barnes*, 890 F.3d 910, 915–16

(10th Cir. 2018) (quoting *Gall*, 552 U.S. at 51). And when, as here, "we review a downward variance from the recommended guidelines range . . . even more solicitude to the sentencing court is appropriate." *Id.* at 916. At the same time, "[a] 'major' variance should have 'a more significant justification than a minor one.'" *United States v. Lente*, 759 F.3d 1149, 1158 (10th Cir. 2014) ("*Lente II*") (quoting *Gall*, 552 U.S. at 50).

### III.    ANALYSIS

The Government challenges the substantive reasonableness of Mr. Crosby's sentence on the grounds it does not (1) reflect Mr. Crosby's history and characteristics and the nature and characteristics of his offense, pursuant to § 3553(a)(1); (2) reflect the seriousness of the offense, promote respect for the law, or provide just punishment, pursuant to § 3553(a)(2)(A); (3) give weight to the need for general deterrence, pursuant to § 3553(a)(2)(B); (4) reflect the need for incapacitation, pursuant to § 3553(a)(2)(C); (5) properly reflect the sentencing range established for this category of offense, in light of the district court's policy disagreement, pursuant to § 3553(a)(4); (6) avoid unwarranted sentencing disparities, pursuant to § 3553(a)(6); and (7) consider the need for restitution to the victims and the need to rehabilitate Mr. Crosby, pursuant to §§ 3553(a)(2)(D) and (a)(7). Mr. Crosby responds that the sentence is not substantively unreasonable because it

reflects the seriousness of the offense, affords adequate deterrence, avoids

unwarranted sentencing disparities, and provides restitution.[2]

We agree with the Government that the sentence is substantively unreasonable

because the time-served sentence imposed does not account for retribution or general

deterrence pursuant to § 3553(a)(2)(A) and (B), reflect the sentencing range

established pursuant to § 3553(a)(4), nor avoid unwarranted sentencing disparities

pursuant to § 3553(a)(6).[3] We first discuss the standards for reviewing the

reasonableness of a sentence, we next discuss our precedent that guides the outcome

in this case, and finally we turn to an analysis of why the sentence is substantively

unreasonable for failing to discuss the § 3553(a) factors of retribution, general

deterrence, avoiding unwarranted sentencing disparities, and reflecting the sentencing

range established by the Guidelines.

### A.    Sentencing Factors and Reasonableness Review

Section 3553(a) requires district courts to consider seven factors in sentencing:

(1) the nature and circumstances of the offense and the history and characteristics of

---

[2] Mr. Crosby also argues that the Government is really making a procedural reasonableness argument—one it forfeited due to its failure to object to the sentence before the district court. We agree with the Government that this is a substantive reasonableness challenge. We discuss later the relationship between procedural and substantive reasonableness in the specific context of a sentencing decision that does not discuss all the § 3553(a) factors.

[3] Because we remand for resentencing on this basis, we do not consider the remaining arguments on appeal concerning Mr. Crosby's history and characteristics and the nature and characteristics of his offense (§ 3553(a)(1)), incapacitation (§ 3553(a)(2)(C)), restitution (§ 3553(a)(2)(D)), or rehabilitation (§ 3553(a)(7)).

the defendant; (2) the need for a sentence to reflect the "basic aims of sentencing, namely (a) 'just punishment' (retribution), (b) deterrence, (c) incapacitation, and (d) rehabilitation," *United States v. Walker*, 844 F.3d 1253, 1256 (10th Cir. 2017); (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need for restitution. 18 U.S.C. § 3553(a)(1)–(7).

District courts imposing sentences are charged with "engag[ing] in a holistic inquiry of the § 3553(a) factors," *Lente II*, 759 F.3d at 1174 (quotation marks omitted), and "consider[ing] every convicted person as an individual," *Gall*, 552 U.S. at 52 (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)). A district court should not rely solely on one § 3553(a) factor without addressing other relevant factors. *See Walker*, 844 F.3d at 1259. At the same time, "the district court need not afford equal weight to each § 3553(a) factor," and we defer "not only to a district court's factual findings but also to its determinations of the weight to be afforded to such findings." *Cookson*, 922 F.3d at 1094 (quotation marks omitted).

"[W]e review sentences imposed by the district court for reasonableness." *Id.* at 1091. "[R]easonableness review has two aspects: procedural and substantive." *See id.* Review of procedural reasonableness considers "whether the district court committed any error in calculating or explaining the sentence." *Id.* (quotation marks omitted). Review of substantive reasonableness turns on "whether the length of the

sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Id.* (quoting *Friedman*, 554 F.3d at 1307).

We have acknowledged the "murky" nature of the distinction between procedural and substantive reasonableness when a challenge is based on the district court's explanation of the § 3553(a) factors. *Id.* at 1091. This is because "the district court's explanation for a given sentence services a 'dual purpose'"—it is both a procedural requirement and an explanation "'relevant to whether the length of the sentence is substantively reasonable' because 'a sentence is more likely to be within the bounds of reasonable choice when the court has provided a cogent and reasonable explanation for it.'" *Id.* (citing *Barnes*, 890 F.3d at 917). "A limited, brief, or inconsistent explanation" can hinder our review of a sentence's substantive reasonableness. *Id.* Therefore, we have concluded a sentence is substantively unreasonable where the district court placed "nearly exclusive focus" on one § 3553(a) factor and did not explain the weight afforded to other factors, preventing us from deferring to its determination that the sentence was supported by all the § 3553(a) factors. *Id.* at 1094–95.

### B.    United States v. Cookson

Our earlier decision in *United States v. Cookson* is instructive as to the substantive reasonableness analysis in this case.[4] Mr. Cookson was also charged with

---

[4] Mr. Crosby argues that *United States v. Cookson* is inapposite, chiefly because "Mr. Crosby is not a 'recidivist offender'" as Mr. Cookson was. Appellee's Br. at 19–20 (citing 922 F.3d 1079, 1085 (10th Cir. 2019)). But as we will explain, the analysis in *Cookson* turned on the district court's lack of explanation as to the

two counts of possessing child pornography under 18 U.S.C. § 2252A(a)(5)(B). *Id.*
at 1084. After Mr. Cookson entered into a plea agreement, a PSR calculated his base
offense level as 18 but increased that level to 28 based on similar enhancements to
those in this appeal, including material involving a prepubescent minor and the
possession of more than 600 images. *Id.* at 1084–85. After factoring in
Mr. Cookson's criminal history, the PSR calculated a Guidelines range of 97–121
months' imprisonment. *Id.* at 1085.

The Government argued the § 3553(a) factors supported a within-Guidelines
sentence of 97 months because, *inter alia*, Mr. Cookson had continued to view child
pornography after being caught, had examined the material for years, and was
involved in social networks associated with child exploitation. *Id.* at 1085.
Mr. Cookson requested a sentence of five years' probation, highlighting his
rehabilitation from drug addiction and the fact he had held a steady job for twenty-
one months. *Id.* He also "highlighted a policy disagreement with the § 2G2.2
sentencing enhancements, noting they apply in the majority of cases and have been
criticized by the U.S. Sentencing Commission and various courts." *Id.* At the
sentencing hearing, Mr. Cookson further elaborated that a "sentence of probation
would allow Mr. Cookson to continue contributing to society and personally moving
in a positive direction," whereas "imprisonment would have Mr. Cookson go

---

weight given to § 3553(a)(2) factors, which was particularly stark in light of the
major downward variance given to Mr. Cookson. *See Cookson*, 922 F.3d at 1092–96.
This analysis bears directly on the arguments made in this appeal.

backwards rather than forwards." *Id.* at 1086. The district court ultimately agreed with Mr. Cookson and sentenced him to five years' probation, discussing extensively Mr. Cookson's rehabilitation but not discussing other § 3553(a) factors including deterrence, rehabilitation, incapacitation, and avoiding unwarranted sentencing disparities. *Id.* at 1086–87, 1094.

On appeal, the Government challenged the sentence of five years' probation as substantively unreasonable, focusing much of its argument on the district court's failure to consider various § 3553(a) factors. *Id.* at 1090. We agreed that the district court had focused its explanation of Mr. Cookson's sentence "primarily in terms of § 3553(a)(1), specifically referencing Mr. Cookson's (1) recovery from drug addiction, (2) success in a new job, and (3) support from his family." *Id.* at 1092. We noted that while these factors "could reasonably support a downward variance, even a large one, under 18 U.S.C. § 3553(a)(1)," where the court "made no mention of deterrence, rehabilitation, or incapacitation in explaining Mr. Cookson's sentence" and did not address "unwarranted sentencing disparities," we could not defer to the district court's reasoning and found the sentence substantively unreasonable. *Id.* at 1093–94.

## C.    *Application*

*Cookson* largely compels the outcome here. As in *Cookson*, the district court focused its explanation of the sentence almost entirely on § 3553(a)(1): the history and characteristics of the defendant. The district court emphasized Mr. Crosby's previously undiagnosed ASD, his potential for rehabilitation outside of prison, and

the unlikeliness he will reoffend. However, the district court did not discuss several of the § 3553(a) factors, specifically retribution, deterrence, avoiding unwarranted sentencing disparities, and consideration of available sentences under the Guidelines. In light of the significant downward variance from the Guidelines range to the five-day time-served sentence, the district court was required to provide a "significant justification" for its sentencing decision. *Cookson*, 922 F.3d at 1092 (quoting *Gall*, 552 U.S. at 50). The district court's failure to discuss multiple Guidelines factors impedes our review and compels the conclusion the sentence is not substantively reasonable.

Mr. Crosby resists this conclusion, arguing the sentence was substantively reasonable and that the district court's "careful analysis of these factors provides 'significant justification' for the sentence imposed." Appellee's Br. at 13 (quoting *Gall*, 552 U.S. at 50). We disagree—for the reasons explained below, we hold the sentence was substantively unreasonable for not providing any reasoning concerning retribution, general deterrence, preventing unwarranted sentencing disparities, and considering the range of available sentences under the Guidelines.

**1.      Retribution**

Section 3553(a)(2)(A) requires sentencing courts to consider the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," or in one word, "retribution." *Walker*, 844 F.3d at 1256. There is no indication from the district court's explanation that it considered this factor, including in its imposition of restitution and supervised

release. While the district court mentions this factor and states it "evaluat[ed]" it, its explanation focused on Mr. Crosby's "amenability to treatment, possibility of benefiting from specialized treatment, low risk of recidivism, and high vulnerability in prison"; the district court's policy disagreement with the Guidelines; and evidence that a longer sentence would not reduce recidivism. ROA Vol. I at 89–90. The district court acknowledged the seriousness of the offense at the first sentencing hearing, but in imposing the sentence, it made no mention of the need to promote respect for the law, or the need for just punishment. Therefore, the district court provided no indication it considered the need for Mr. Crosby's sentence to "reflect the seriousness of [his] offense, to promote respect for the law, and to provide just punishment," rendering the sentence substantively unreasonable. 18 U.S.C. § 3553(a)(2)(A).

Mr. Crosby argues that the $12,000 restitution and fifteen-year supervised release term imposed by the district court serve as just punishment and involve a "substantial restriction of freedom." Appellee's Br. at 14 (quoting *Gall*, 552 U.S. at 48). But the district court did not indicate it was imposing either restitution or supervised release for retributive purposes. And even if it had, imposing supervised release for retributive purposes would have been improper. We recently held that "when a statute uses mandatory language to direct a court to consider some but not all § 3553(a) sentencing factors, it is procedural error to consider an unenumerated factor." *United States v. Booker*, 63 F.4th 1254, 1260 (10th Cir. 2023). Of particular relevance here, 18 U.S.C § 3583(c), which governs the imposition of supervised release, directs courts not to consider § 3553(a)(2)(A). *Id.* at 1260. Thus, even if the

16

district court had stated that the fifteen-year term of supervised release was imposed for retributive purposes, such a conclusion would have been procedurally improper.

## 2.    General Deterrence

Section 3553(a)(2)(B) requires sentencing courts to consider the need for the sentence "to afford adequate deterrence to criminal conduct." This court has previously recognized that "[g]eneral deterrence . . . is one of the key purposes of sentencing." *Walker*, 844 F.3d at 1257 (second alteration in original) (quoting *United States v. Medearis*, 451 F.3d 918, 920 (8th Cir. 2006)). "This purpose becomes particularly important when the district court varies substantially from the sentencing guidelines." *Id.* at 1258. But here, the district court did not give any indication it considered whether Mr. Crosby's sentence afforded adequate general deterrence, which is particularly problematic where the district court deviated so far from the Guidelines range.

To be sure, this court has affirmed downward variances when the district court has expressly engaged in a "careful discussion" "walk[ing] through" each of the § 3553(a) factors, including "general deterrence advanced by their sentences." *Cookson*, 922 F.3d at 1094 (quoting *Barnes*, 890 F.3d at 914). In *United States v. Barnes*, we affirmed a sentence where the district court expressly considered how the sentence imposed "would properly deter similarly-situated [persons] who learn of the facts surrounding this case and may be tempted to engage in similar conduct." 890 F.3d at 918 (internal quotation marks omitted). This court has likewise noted that failure to consider the factor of general deterrence may be a basis for finding a

sentence substantively unreasonable. *Id.* at 920 (citing *United States v. Morgan*, 635 F. App'x 423, 448 (10th Cir. 2015)).

Here, the district court's failure to consider the general deterrence factor compels the conclusion the sentence was substantively unreasonable. The district court never once discussed the need for deterring anyone aside from Mr. Crosby from engaging in this conduct, either in the May 2023 sentencing hearing or in the pronouncement of sentence. True, the district court did discuss deterring Mr. Crosby from future conduct. But nowhere in the district court's discussion of the reasons articulated for the sentence does the court address the need for the sentence to act as a general deterrent to those who might otherwise seek to possess child pornography. Given both the important role of general deterrence in sentencing and the significant justification this court seeks in affirming a substantial variance, the district court's failure to demonstrate that this factor was adequately considered and properly weighed makes the sentence substantively unreasonable.[5]

**3.      Avoiding Unwarranted Sentencing Disparities**

Section 3553(a)(6) requires sentencing courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." It is "a critical sentencing factor." *United States v. Lente*, 647 F.3d 1021, 1039 (10th Cir. 2011) ("*Lente I*"). Like all other

---

[5] While Mr. Crosby briefly argues the restitution ordered provides general deterrence, he provides no support for this contention either in the district court's order or in caselaw.

statutorily required considerations in sentencing, for this court to properly review the consideration afforded to avoiding unwarranted sentencing disparities, the district court must explain its reasoning in light of all the § 3553(a) factors. *See Cookson*, 922 F.3d at 1094. "Without any explanation from the district court on the weight it afforded [this critical factor] in granting [the defendant] such a large variance, we consider the sentence as substantively unreasonable." *Id.*

While Mr. Crosby argues his ASD diagnosis and personal circumstances are "extremely unique" and therefore justify the sentencing disparity, the district court did not express this rationale. Appellee's Br. at 18. In fact, the district court engaged in no discussion at all as to whether Mr. Crosby's sentence avoids unwarranted sentencing disparities and if it does not, why that factor should or should not weigh heavily in the district court's determination. In the absence of that discussion, we are left to conclude the sentence is substantively unreasonable.

Moreover, Mr. Crosby fails to identify any other case where a comparably situated defendant received a time-served sentence for possession of child pornography, weighing against a conclusion that this factor supports his sentence. *See Walker*, 844 F.3d at 1258 (concluding that a time-served sentence for a bank robbery committed by a career offender created an unwarranted sentencing disparity, bolstered by the defendant's failure to identify a single case with a similar sentence). This court has previously suggested that when a major variance is at play, the district court proclaims a substantively reasonable sentence when it considers "comparative data regarding the degree of" a defendant's mens rea and "a thorough survey of

sentences entered by other federal courts for similar conduct." *Lente II*, 759 F.3d at 1175. The district court's failure to adequately consider this factor as well as its failure to explain its reasoning creates a facially unwarranted sentencing disparity and is thus substantively unreasonable.

**4.    Consideration of Available Sentences**

Finally, § 3553(a)(4) requires sentencing courts to consider "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." The Government argues that the district court's policy disagreements with the Guidelines do not justify the sentence imposed here, because even without the application of the contested sentencing enhancements, the Guidelines sentence would be higher than time served.[6] We agree with the Government that the district court failed to give a sufficient explanation of how its policy disagreements with the enhancements justified giving a sentence below the Guidelines range applicable in the absence of those enhancements.

The district court explained that, looking to the 2021 Sentencing Commission report filed by Mr. Crosby, the enhancements applied to him "were initially intended to target more serious and more culpable offenders." ROA Vol. I at 91. True enough,

---

[6] Without the enhancements, the parties agree the Guidelines would have recommended a sentence above time served. Mr. Crosby contends the range would be 6–12 months, but relies on outdated Guidelines. The Government counters that, even without the enhancements, the range would be 18–24 months based on the current Guidelines.

"[w]e have described arguments criticizing the § 2G2.2 enhancements as quite forceful and have specifically cautioned district courts to carefully apply the child pornography distribution guideline and remain mindful that they possess broad discretion in fashioning sentences under § 2G2.2." *Cookson*, 922 F.3d at 1093 (internal quotation marks omitted). But in *Cookson*, where the district court made only a vague reference to its "policy disagreement" in imposing a sentence far below the Guidelines range, we held the sentence imposed was substantively unreasonable. *Id.*

Here, the district court did not explain why, even in the absence of these enhancements, a sentence substantially lower than what the lowest possible Guidelines range recommended was nonetheless appropriate. While we may not "use[] the percentage of a departure as the standard for determining the strength of the justifications required" or create a "presumption of unreasonableness for sentences outside the Guidelines range," *Gall*, 552 U.S. at 47, here, the district court provided no justification as to why—even in light of its policy disagreements with the enhancements—a sentence below the lowest possible Guidelines range was appropriate. This renders the sentence substantively unreasonable.

### D.    A Note on Remand

Although we have determined Mr. Crosby's sentence was substantively unreasonable and remand for resentencing, we "do not foreclose the possibility that a more detailed explanation from the district court of the weight it afforded § 3553(a) factors other than § 3553(a)(1) could yield a similar, but substantively reasonable,

sentence on remand." *Cookson*, 922 F.3d at 1096. In *Cookson*, we observed that "the heavier our reliance on the inadequacy of the district court's explanation" in holding a sentence substantively unreasonable, "the less our decision restricts the bounds of reasonable choice available to the district court in crafting a sentence on remand." *Id.* at 1092. "A sentence deemed substantively unreasonable primarily because of an explanation too brief or cursory to justify the extent of its variance from the Guidelines might be substantively reasonable given a more detailed explanation." *Id.* The district court must provide a holistic discussion of the § 3553(a) factors to justify a sentence such as the one it imposed here as substantively reasonable.

## IV.    CONCLUSION

For these reasons, we hold that Mr. Crosby's sentence is substantively unreasonable. We therefore VACATE the district court's decision sentencing Mr. Crosby to five days' time-served and REMAND for resentencing.